UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================X
S.T., an infant by her mother and natural Guardian,     21-cv-2248 (SS)
CRYSTAL WILLIAMS, and CRYSTAL WILLIAMS
individually,     **JURY TRIAL DEMANDED**

                              Plaintiff(s),     **FIRST AMENDED COMPLAINT**

     -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT; Police Officer Adam McNab, Lieutenant
Kevin Levenstein, Police Officer Thomas Spinard, Police
Officer James Biagni, Police Officer Anthony Giannatasio,
and JOHN DOEs 5-10 (NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS), said names being
fictitious and Representing the New York City Police
Department police officers involved in an incident on or
about June 16, 2020, in their official and individual
capacities,
                              Defendant(s).
================================================X

         S.T., an infant by her mother and natural Guardian CRYSTAL WILLIAMS, and CRYSTAL WILLIAMS individually, by and through their attorneys ETHAN D. IRWIN, P.L.L.C., as and for their complaint against Defendants, alleges and shows to the Court as follows:

## PRELIMINARY STATEMENT

1. This is a Civil Action seeking monetary relief, (including past and ongoing economic loss), compensatory and punitive damages, injunctive relief, attorney's fees, costs, and disbursements for violation of Plaintiffs' Civil and Constitutional Rights, brought pursuant 42 U.S.C. §§ l983, 1984, and 1981; and other State Law causes of action.

2. Specifically, Plaintiffs allege that Defendants did intentionally, negligently, wantonly, recklessly, knowingly, and purposefully, acting individually and in conspiracy with each other, sought to deprive S.T. and CRYSTAL WILLIAMS of their Civil Rights, and did commit tortious acts upon S.T. and CRYSTAL WILLIAMS through a pattern of abuse and a campaign of threats, violence, and retaliation.

3. Said acts hereinstated were done knowingly, at the direction of, and with the consent and condonation, of Defendants CITY OF NEW YORK (hereinafter, "CITY"), NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD"), Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10 (hereinafter "NYPD Officer(s)", "police officer Defendants", or "Officers"), said names being fictitious and representing the police departments agents involved in an incident on or about June 16, 2020, in their official and individual capacities, (all Defendants collectively referred to herein as "Defendants"), with the express purpose of punishing, silencing, isolating, removing, and retaliating against S.T. and CRYSTAL WILLIAMS, and generally violating the rights of S.T. and CRYSTAL WILLIAMS, as protected by the United States and New York State Constitutions, Federal and State statutes, rules and regulations. Said illegal activities were known to the Defendants and were accepted and supported as policy, custom, and practice.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(3) and (4). Pendant and/or supplemental jurisdiction over Plaintiffs' New York State Law claims is proper pursuant to 28 U.S.C. § 1367.

5. Venue herein is proper pursuant to 28 U.S.C. § 139l(b), based on the residence of Defendants.

## PARTIES

6. Plaintiffs are citizens of the United States. Both Plaintiffs reside in the County of Richmond, City and State of New York. Plaintiff S.T. is a minor and CRYSTAL WILLIAMS is the parent and natural guardian of S.T.

7. The Defendant, CITY OF NEW YORK, maintains offices at 100 Church Street, New York, NY 10007. Upon information and belief, Defendant, CITY, was and is a Federally funded organization(s), organized and existing under the Laws of the State of New York.

8. The Defendants, NYPD, Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOE's 5-10 NYPD Officers, maintain offices at 1 Police Plaza, New York, NY 10038.

9. Upon information and belief, Defendant NYPD, was and is a Federally funded organization(s), organized and existing under the Laws of the State of New York, and further organized to oversee, control, and maintain public order and safety including enforcing the law and preventing, detecting, and investigation criminal activities. The Department was and is at all relevant times in connection with the acts sued herein a decision and policy-making body with control over public safety.

10. Defendants Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and "JOHN DOEs" 5 through 10, said names being fictitious and representing the NYPD Officers, are responsible for security, safety, emergencies, and/or discipline of the citizens, were involved in the incident on or about June 16, 2020 were and are at all relevant times employees of the CITY and NYPD. NYPD Officers Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and "JOHN DOEs" 5 through 10 were present at 40 Brighton Avenue, Staten Island, NY 10301 on the date in question, employed in their capacity as NYPD Officers.

11. Each and every Defendant acted in collusion with, and as agents of, each other, during the abuse and assault of the Plaintiffs S.T. and CRYSTAL WILLIAMS on or about June

16, 2020. Each and every Defendant is liable for Plaintiffs' injuries therefor both in their individual and in their official capacity for actions taken at and during the events complained of.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. S.T. is a minor and was present at 40 Brighton Avenue, Staten Island, NY 10301 at approximately 9:30 a.m., or shortly thereafter, on June 16, 2020.

13. Crystal Williams is the mother and natural guardian of S.T., and was also present at 40 Brighton Avenue, Staten Island, NY 10301 at approximately 9:30 a.m., or shortly thereafter, on June 16, 2020.

14. That on or about June 16, 2020 at approximately 9:30 a.m., S.T. contacted by telephone her school's social worker, Kimberly Sanders, a non-party, regarding her then suicidal thoughts. Upon information and belief, said social worker then contacted NYPD and/or emergency services.

15. Upon information and belief, that Defendants NYPD Officers responded to that call at 40 Brighton Avenue, Staten Island, NY 10301. Plaintiff, S.T. was found in the hallway leading to her family's apartment about six feet from the entrance thereto, with a "steak knife" in her left hand and was in an apparent suicidal state of mind.

16. Upon information and belief, Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and "John Doe's" 5-10, all police officers and employees of the NYPD, stood outside the premises of the incident and instructed S.T. to drop the "knife" which S.T. did after the second time she was instructed to do so, which, upon information and belief, was observed by the police officer Defendants.

17. That police officer Defendant Adam McNab immediately, illegally, improperly, and unnecessarily, despite the infant Plaintiff posing no threat to them or others, did use excessive

force, and proceeded to use a Taser, or some other similar electro-shocking device, against the infant Plaintiff.

18. That police officer Defendant Adam McNab did "tase" the infant Plaintiff, despite the fact that she dropped the knife as instructed, and did not confront or otherwise threaten any of the police officer Defendants, or others, at any point during the incident.

19. That police officer Defendant Adam McNab did "tase" the infant Plaintiff upon her left hand and vagina.

20. That police officer Adam McNab did act carelessly, recklessly, unnecessarily, wrongfully, unprovoked, unwarranted, illegally, and constituted excessive and unnecessary force by utilizing and implementing the taser gun against the infant S.T.

21. That none of the other police officers, including Lieutenant Kevin Levenstein, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10 did intervene, or otherwise attempt to stop said police officer Adam McNab.

22. The infant S.T. had fallen to the ground as a result of being tased and, upon information and belief, that one of the NYPD Officers entered the apartment hallway, approached the minor S.T., forcefully put his hands upon her chest, and then proceeded to arrest her by placing her in handcuffs behind her back.

23. At or about that time, the Plaintiff CRYSTAL WILLIAMS (hereinafter, "Ms. Williams") had entered the building's hallway and observed her daughter S.T. being assaulted and arrested. Approximately two (2) or three (3) police officer Defendants, upon seeing Ms. Williams, did attack and viciously assault Plaintiff Ms. Williams, knocking her to the ground, then punching and kicking her about her head, face, and back.

24. That said assault upon Plaintiff Ms. Williams was unprovoked, unwarranted, illegal,

and constituted excessive and unnecessary force.

25.     That despite having the opportunity to do so, none of the police officer Defendants did attempt to or otherwise did intervene or stop said assault upon Plaintiff Ms. Williams.

26.     Thereafter, S.T. was transported via ambulance to Richmond University Medical Center and admitted to the Emergency Room to treat the pain and injuries caused by the illegal, unwarranted, and unnecessary assault by the police officer Defendants.

27.     Defendants failed to take proper and adequate actions, and implement appropriate procedures and protocol and endangered the lives of the minor S.T., and Ms. Williams.

28.     As a result of the assault, the minor S.T., suffered injuries to her left hand and vaginal area, and required emergency medical treatment at Richmond University Medical Center in Staten Island, NY for her injuries.  The minor S.T. has been forced to endure pain and suffering, humiliation, and injury to reputation as a direct result of the actions and inactions taken by and on behalf of the Defendants.

29.     As a result of the assault, the Plaintiff Ms. Williams, suffered various injuries to her person, and has and will continue to have mental anguish and emotional distress as a direct result of the assault.  The Plaintiff Ms. Williams has been forced to endure pain and suffering, emotional distress, humiliation, and injury to reputation as a direct result of the actions and inactions taken by and on behalf of the Defendants.

30.     A Notice of Claim has been filed for the minor S.T. and the appropriate procedures for the incident have been complied with.  Specifically, a 50-H hearing has been held with respect to the incident and Defendants have had more than 30 days within which to adjust the underlying subject claim, and have not done so.

31.     A Notice of Claim has been filed for Plaintiff Ms. Williams, and the appropriate procedures for the incident have been complied with.  Specifically, a 50-H hearing has been held

with respect to the incident and Defendants have had more than 30 days within which to adjust the underlying subject claim, and have not done so.

32.     That the Defendants were at all times acting under color of State Law.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force – 42 U.S.C. § 1983)**

33.     Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "32" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

34.     That the Defendants involved in the incident on or about June 16, 2020, in their official and individual capacities, did violate the Fourth Amendment Rights of Plaintiffs S.T. and Ms. Williams.

35.     That on or about June 16, 2020, the Defendants, in their official and individual capacities, did violate Plaintiff S.T. and Ms. Williams's Fourth Amendment Rights by causing them to be Falsely Arrested, Falsely Imprisoned, illegally detained, and apprehended with unreasonable and Excessive Force under the circumstances then and there existing.

36.     That the actions of these Defendants against the Plaintiffs were objectively excessive and unreasonable.

37.     That Plaintiffs' Fourth Amendment Rights to be free from Excessive Use of Force are Rights that are so clearly established that a reasonable person under the circumstances presented herein would have known the said conduct by Defendants was a violation of the Plaintiffs' Rights.

38.     That the Defendants failed to intervene.

39.     That the Defendants, acting under color of State Law, have caused Plaintiffs to be deprived of their Rights, Privileges, and Immunities as secured by the Constitution of the United

States, and other federal laws: namely, the Fourth Amendment to the Constitution of the United States; and 42 U.S.C. § 1983.

40. Defendants are and were aware that their actions against Plaintiffs were a violation of the Rights granted to Plaintiffs pursuant to the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

41. On or about June 16, 2020, the police officer Defendants acted with evil motive and intent and/or with callous indifference toward the Civil Rights of S.T. and Ms. Williams.

42. As a result of the acts of each and every Defendant complained of, S.T. and Ms. Williams sustained injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of enjoyment of life, and other pecuniary loss.

## AS AND FOR A SECOND CAUSE OF ACTION
(14th Amendment)

43. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "42" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

44. Defendants, in their official and individual capacities, did violate the Fourteenth Amendment Civil Rights of S.T. and Ms. Williams.

45. That on or about June 16, 2020 and thereafter, these Defendants did violate S.T.'s and Ms. Williams' Fourteenth Amendment Rights by engaging in conduct that is shocking to the conscience and is offensive to the community's sense of fair play and decency.

46. Defendants, acting under color of State Law, have caused Plaintiffs to be deprived of their Rights, privileges and immunities as secured by the Constitution, and other federal laws: namely, the Fourteenth Amendment to the Constitution of the United States; and 42 U.S.C. § 1983.

47. Defendants are and were aware, that their actions against Plaintiffs were a violation of the Rights guaranteed to Plaintiffs pursuant to the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

48. On or about June 16, 2020, Defendants acted with evil motive and intent and/or with callous indifference toward the Civil Rights of S.T. and Ms. Williams.

49. As a result of the acts of each Defendant complained of, S.T. and Ms. Williams sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress - As to Plaintiff Crystal Williams Only)**

50. Plaintiff Crystal Williams repeats and reiterates the allegations set forth paragraph's "1" through "49" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

51. That the Defendants owed a Duty of Care to the Plaintiff Crystal Williams.

52. That the Defendants have violated that Duty of Care owed to Plaintiff Crystal Williams.

53. That the Defendants have violated the Standard of Care.

54. That through their Negligence, the Defendants have caused the negligent infliction of emotional distress on Plaintiff Crystal Williams.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Negligent Hiring, Retention, and Supervision)**

55. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "54" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

56. That the Defendants City of New York and NYPD have negligently hired, supervised, trained, and retained employees of the NYPD, the police officer Defendants herein, who have contributed to the injuries suffered by S.T. and Ms. Williams.

57. That the Defendants City and NYPD have created policies which permit and/or encourage an impermissible delegation of matters of application and use of force to Defendants Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10.

58. That the failures of the Defendants City and NYPD have resulted in the improper involvement of the police officer Defendants in ordinary matters of mental health, which has resulted in an unreasonable escalation of the situation described herein, which is a proximate cause of the physical injuries sustained by S.T. and Ms. Williams.

59. That the Defendants City and NYPD are responsible for the actions of their employees.

60. That the Defendants City and NYPD did not interfere in the abuse of S.T. and Ms. Williams by the police officer Defendants, who were at all relevant times employees of the City or NYPD.

61. As a result of the acts of each and every Defendant complained of, Plaintiffs sustained injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Intentional Tort – Assault and Battery)**

62. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "61" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

63. That Defendants Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 6-10 intentionally committed the tortious acts of assault against S.T. and Ms. Williams by intentionally placing Plaintiffs S.T. and Ms. Williams. in apprehension of imminent and harmful contact by these Defendants.

64. On or about June 16, 2020, Defendants Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10 committed battery upon and against the Plaintiffs S.T. and Ms. Williams by making an intentional and offensive bodily contact against them both.

65. As a result of the acts of Defendants Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10, Plaintiffs sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, injury to her reputation, and other pecuniary loss.

## AS AND FOR A SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress- As to Plaintiff Crystal Williams Only)**

66. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "65" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

67. Defendants City, NYPD, , Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOES 5-10 have violated the Duty of Care owed to Ms. Williams.

68. Defendants City, NYPD, Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOES 5-10, have violated the Standard of Care.

69. That the actions and conduct of the Defendants, as set forth herein, were extreme and outrageous.

70. That the actions and conduct of the Defendants, as set forth herein, were done with the intent to cause extreme and severe emotional distress to Plaintiff Ms. Williams.

71. That the actions and conduct of the Defendants, as set forth herein, were the proximate cause of the Plaintiff's injuries.

72. That the actions and conduct of the Defendants, as set forth herein, did cause Plaintiff Williams to suffer severe emotional distress that no reasonable person should have to suffer or endure. Defendants either intended to inflict emotional distress upon Plaintiff Williams by engaging in this conduct, or knew that there was a high probability that such conduct would result in such distress.

73. As a result of the acts of each and every Defendant complained of, Plaintiff Williams sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Loss of Services)

74. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "73" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

75. That the Defendants City, NYPD, Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10, have violated the Duty of Care owed to Plaintiffs.

76. That the Defendants City, NYPD, Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10 have violated the Standard of Care.

77. That the Defendants City, NYPD, Lieutenant Kevin Levenstein, Police Officer Adam McNab, Police Officer Thomas Spinard, Police Officer James Biagni, Police Officer Anthony Giannatasio, and JOHN DOEs 5-10, in their official and individual capacities, as a result of the abuse suffered by S.T., Plaintiff Ms. Williams suffered a loss of services, including the right to benefit from various duties performed by S.T., as well as S.T.'s custody, society,

companionship, and affection.

78. As a result of the acts of each Defendant complained of, Plaintiff Ms. Williams sustained emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**(Monell Claim – Unconstitutional Policies)**

79. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "78" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

80. That Defendants City and NYPD were Policymakers, for 42 U.S.C. § 1983 purposes, for the employees and officers of the NYPD, including the police officer Defendants herein.

81. That Defendants City and NYPD promulgated official Policies, Rules, and Regulations for the employees and officers of the NYPD, including creating an Official Policy allowing, permitting, and encouraging the use of Excessive Force by its employees, including the police officers employed therewith, and more specifically the police officer Defendants herein, against the public generally, including the Plaintiffs S.T. and Ms. Williams, in violation of their Constitutional Rights.

82. That the aforementioned Defendant Policymakers acted with negligence and/or gross negligence in the hiring, training, and/or disciplining of the police officer Defendants herein.

83. That the aforementioned Defendant Policymakers, despite the egregious actions set forth herein by the police officer Defendants , against the minor S.T. and Ms. Williams, authorized and/or encouraged the police officer Defendants  illegal use of Excessive Force, and repeatedly failed to take any remedial or punitive steps against these police officer Defendants  for their illegal use of Excessive Force generally, despite the fact that such actions are persistent and widespread throughout the NYPD, and more specifically against the Plaintiffs S.T. and Ms.

Williams, and therefore an implied Policy of improper use of Excessive Force should be inferred.

84. That as a direct result of the aforementioned Defendants official Policies, Rules, and Regulations, Plaintiffs S.T. and Ms. Williams, did sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## NINTH CAUSE OF ACTION
### (Monell Claim – Inadequate Training)

85. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "84" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

86. That Defendants City and NYPD were Policymakers, for 42 U.S.C. § 1983 purposes, for the employees and officers of the NYPD.

87. That Defendants City and NYPD utterly failed to train their employees and officers, including the police officer Defendants herein.

88. That the Defendants City and NYPD as Policymakers, by failing to adequately train the police officer Defendants herein in the proper identification, use, and application of reasonable force, both generally and specifically with regard to individuals with mental health conditions, acted with deliberate indifference to the Constitutional Rights of the residents of the City and State of New York, and more specifically the Plaintiffs S.T. and Ms. Williams.

89. That the aforementioned Defendant Policymakers' inadequate training of the police officer Defendants directly resulted in the injuries complained of by Plaintiff S.T. and Ms. Williams, including physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

90. That the aforementioned Defendant Policymakers had actual and/or constructive knowledge of the Constitutional Violations by the police officer Defendants, and failed to take any actions, including training, to correct their Constitutional Violations.

91. That the aforementioned Defendant Policymakers' failure to train the police officer Defendants, amounts to a Policy of authorizing and encouraging their misconduct and use of Excessive Force.

92. That at all relevant times herein, and as a direct result of the Defendants' inactions, there existed a *de facto* policy of tacit approval of the police officer Defendants use of Excessive Force against residents of the City and State of New York, more specifically against the Plaintiffs S.T. and Ms. Williams herein, in violation of their Fourth Amendment Rights of the United States Constitution.

93. That as a direct result of the aforementioned, Plaintiffs S.T. and Ms. Williams did sustain physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

**TENTH CAUSE OF ACTION**
**(Fourteenth Amendment – Due Process Violation)**

94. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "93" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

95. That at all relevant times herein the Plaintiffs S.T. and Ms. Williams were in the custody of the Defendants.

96. That at all relevant times herein the Defendants did wrongly and affirmatively restrain the Plaintiffs S.T. and Ms. Williams freedom to act on their own behalf by restraining and depriving them of their personal liberty.

97. That at all relevant times herein the Defendants did fail to properly and adequately address the Plaintiffs S.T. and Ms. Williams physical injuries, despite their custody and control over them.

98. That at all relevant times herein the Defendants failed to protect the Plaintiffs S.T. and Ms. Williams, and were deliberately indifferent to Plaintiffs S.T. and Ms. Williams medical

conditions and needs.

99. Further, that as a result of the foregoing, the Defendants herein did violate Plaintiffs S.T. and Ms. Williams Due Process Rights under the Fourteenth Amendment to the United States Constitution.

100. That as a direct result of the aforementioned, Plaintiffs S.T. and Ms. Williams did sustain physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## ELEVENTH CAUSE OF ACTION
### (False Imprisonment)

101. Plaintiffs repeat and reiterate the allegations set forth paragraph's "1" through "100" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

102. That at all relevant times herein the Plaintiffs S.T. and Ms. Williams were illegally and wrongfully taken into custody by the Defendants, and Defendants did intend to confine Plaintiffs.

103. That at all relevant times herein the Plaintiffs S.T. and Ms. Williams were illegally and wrongfully taken into custody by the Defendants and Plaintiffs were conscious of the aforesaid confinement.

104. That at all relevant times herein the Plaintiffs S.T. and Ms. Williams were illegally and wrongfully taken into custody by the Defendants and neither of the Plaintiffs did consent to the confinement.

105. That at all relevant times herein the Plaintiffs S.T. and Ms. Williams were illegally and wrongfully taken into custody by the Defendants and the aforesaid confinement was wrongful and not otherwise privileged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment as follows:

    a.    First Cause of Action: in excess of $1,000,000.00 in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    b.    Second Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    c.    Third Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    d.    Fourth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    e.    Fifth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    f.    Sixth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    g.    Seventh Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    h.    Eighth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    i.    Ninth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    j.    Tenth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    k.    Eleventh Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  l.  Attorney's fees and costs pursuant to 42 U.S.C.A. § 1988;

  m.  A Declaratory Judgment that Defendants willfully violated Plaintiffs' Rights secured by the United States Constitution, Federal, State and Local law as alleged herein;

  n.  Injunctive relief: an injunction requiring Defendants to correct all present and past Constitutional, Federal, State, and Local Law violations as alleged herein; to enjoin Defendants from continuing to act in violation of Federal, State and Local law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said Constitutional, Federal, State and Local Laws; and

  o.  An order granting such other legal and equitable relief as this Court deems just and proper under the circumstances.

Dated: May 4, 2022  
  New York, NY

Yours, etc.,  
**ETHAN D. IRWIN, PLLC**

_____  
Ethan D. Irwin, Esq.  
165 Broadway, 23rd Floor  
New York, NY 10006  
Tel. (929) 286-6522  
*e*Fax: (516) 706-6948  
ethan@ethanirwinlaw.com  
*Attorneys for Plaintiffs*

TO DEFENDANTS:

CITY OF NEW YORK  
100 Church Street  
New York, NY 10007

NEW YORK CITY POLICE DEPARTMENT  
One Police Plaza  
New York, NY 10038

JOHN DOEs 5-10 (NEW YORK CITY POLICE DEPARTMENT POLICE OFFICERS)  
One Police Plaza  
New York, NY 10038

Lieutenant Kevin Levenstein  
c/o New York Police Department - 120th Precinct  
78 Richmond Terrace  
Staten Island, NY 10301

Police Officer Adam McNab
c/o New York Police Department - 120th Precinct
78 Richmond Terrace
Staten Island, NY 10301

Police Officer Thomas Spinard
c/o New York Police Department - 120th Precinct
78 Richmond Terrace
Staten Island, NY 10301

Police Officer James Biagni
c/o New York Police Department - 120th Precinct
78 Richmond Terrace
Staten Island, NY 10301

Police Officer Anthony Giannatasio
c/o New York Police Department - 120th Precinct
78 Richmond Terrace
Staten Island, NY 10301